**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Civil Case No. 1:18-cv-_____

JASPER OTT,

      **Plaintiff,**

v.

CHACHA IN ART LLC, d/b/a Cha Cha Gallery, and
CHARLOTTE LENA SOUKI, an individual,

      **Defendants.**

## COMPLAINT

## INTRODUCTION

1. Plaintiff Jasper Ott ("Plaintiff") worked for Defendants' downtown Aspen high-end art gallery from approximately January 10, 2016 to February 2, 2018. During this time, despite the fact that he regularly worked more than 40 hours a week, Defendants failed to pay him overtime compensation. To challenge this and other wage violations, Plaintiff brings this action, by and through counsel, against Defendants ChaCha in Art LLC, d/b/a Cha Cha Gallery and Charlotte Lena Souki, an individual, to recover unpaid or underpaid wages and other damages under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. (hereinafter "FLSA"), the Colorado Wage Claim Act, §8-4-101, *et seq*. and the Colorado Minimum Wage Act, C.R.S. §8-6-101, *et seq*., as implemented by the Colorado Minimum Wage Order (the "Minimum Wage Order"). Plaintiff also brings an invasion of privacy claim due to Defendants' misappropriation of his likeness for commercial purposes.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.andersondodson.com*

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1331, by virtue of federal questions, 29 U.S.C. § 201 *et seq.* of the FLSA.

3. Further, this Court has diversity jurisdiction over this matter insofar as Plaintiff is a resident of Georgia and Defendants are residents of Colorado and the amount in controversy exceeds $75,000 as more fully described below.

4. This Court has supplemental jurisdiction over Plaintiff's state law claims by authority of 28 U.S.C. § 1367.

5. Venue lies with this Court pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 201 *et seq.* A significant portion of the events giving rise to the instant litigation occurred at the Defendant's art gallery located at 514 East Hyman, Aspen, CO 81611.

## PARTIES

### Defendant ChaCha in Art LLC

6. Defendant **ChaCha in Art LLC** d/b/a Cha Cha Gallery (hereinafter "ChaCha") is a domestic corporation doing business within Pitkin County, and whose principal place of business is located at 514 East Hyman, Aspen, CO 81611. Its registered agent is listed with the Colorado Department of State as Brooke A. Peterson with a mailing address of P.O. Box 4068, Aspen, CO 81612.

7. At all relevant times, Defendant ChaCha had annual gross revenues in excess of $500,000.

8. Defendant ChaCha operates an art gallery located at 514 East Hyman, Aspen, CO 81611 which does business as Cha Cha Gallery.

9. At all relevant times, Defendant ChaCha was engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a)

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.andersondodson.com*

*Ott v. ChaCha in Art LLC et al.*
USDC, District of Colorado

Complaint
Page 2

and 207(a).

10. Upon information and belief Defendant ChaCha purchases paintings, supplies, equipment and other necessary items to run its art gallery and serve its customers from out of state vendors selling such supplies, and equipment originating outside the state of Colorado. Further, Defendant ChaCha advertises its gallery to the entire world on the internet at http://chachagallery.com/the-gallery/. Defendant ChaCha also accepts payments by credit cards and, upon information and belief, utilizes the phone and internet lines to accept and transmit payments.

11. At all times material to this action, Defendant ChaCha was subject to the FLSA and was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

12. At all times material to this action, Defendant ChaCha was an "employer" of the Plaintiff pursuant to the CWA.

**Defendant Charlotte Lena Souki**

13. Defendant Charlotte Lena Souki (hereinafter "Souki"), an individual, resides in Aspen, Pitkin County, upon information and belief.

14. Defendant Souki is the founder and owner of ChaCha, upon information and belief.

15. At all times material to this action, Defendant Souki actively participated in the business of the corporation.

16. At all times material to this action, Defendant Souki exercised substantial control over the functions of the company's employees including Plaintiff. For example, she had the ability and authority to hire and fire employees, set rates of pay, and set employee schedules. She was Plaintiff's day-to-day boss and supervisor.

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

17. At all times material to this action, Defendant Souki was an additional "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

**Plaintiff Jasper Ott**

18. Plaintiff Jasper Ott is a resident of Peachtree City, Georgia.

19. Plaintiff Ott worked for Defendants as a store clerk from January 10, 2016 to February 2, 2018.

20. Plaintiff's duties and responsibilities were to open and be physically present in the gallery, talk to the Defendants' guests about the art and the gallery, and process sales.

21. At all times material to this action, Plaintiff Ott was an "employee" within the meaning of 29 U.S.C. § 203(e) and 7 C.C.R. 1103-1(2).

22. In this position, Ott regularly interacted with customers who were from all across the United States and the world. He utilized Defendants' credit card machine to process payments.

23. While working in this capacity, Ott was not expected to record his time worked.

24. However, from contemporaneous records such as calendar entries of his shift times and text messages Plaintiff has been able to establish with a reasonable amount of precision the hours he worked.

25. Plaintiff Ott's schedule varied, but he typically started work between 10:00 am and stopped work between 8:00 pm and 9:00 pm. He usually worked 7 days per week.

26. Plaintiff has calculated that he worked 1539.1 hours of overtime (i.e. hours over 40 worked in the workweek) over the duration of his employment with Defendants.

27. For this work Defendants paid Plaintiff a set amount of money per month.

28. Plaintiff Ott was not paid at a rate of one and one half times his normal hourly rate for all

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.andersondodson.com*

hours over 40 worked in a workweek.

29. For hours over 40 worked in the workweek, Plaintiff was not paid at all.

30. Plaintiff Ott's rate of pay was $3,000 per month.

31. Multiplying $3,000 per month times 12 months, divided by 52 weeks in the year yields $692.31 per week. As such, Plaintiff's "regular rate" is calculated to be $17.31 per hour ($692.31/40), with a corresponding overtime rate of $25.96.

32. 1539.1 hours times $25.96 per hour is $39,957.40.

33. On or about March 12, 2018, Plaintiff sent a demand letter to Defendants pursuant to Colorado state law. Plaintiff demanded $39,957.40 to compensate him for 1539.1 hours of unpaid overtime at a rate of $25.96 per hour.

34. More than 14 days have passed since Defendants received this demand letter, and no payment has been tendered.

## LEGAL CLAIMS

### As And For A First Cause of Action:
### FAIR LABOR STANDARDS ACT (FLSA) VIOLATIONS

35. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

*Failure To Pay Time Overtime Properly*

36. Defendants failed to compensate Plaintiff at a rate of one and one half times his normal hourly rate for all hours over 40 worked in a workweek, in violation of the FLSA.

*Record-Keeping Failures*

37. At all relevant times, Defendants failed to make, keep, and preserve accurate records regarding the wages, hours, and other conditions of employment of Plaintiff, in

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.andersondodson.com*

contravention of the FLSA and affiliated Regulations, 29 U.S.C. §§ 211(c), 215(a)(5) and 29 C.F.R. § 516.

### *Willful & Not Based On Good Faith & Entitlement to Damages*

38. Defendants had no good faith basis for believing that their pay practices as alleged above were in compliance with the law.

39. At all relevant times, Defendants knew of the FLSA's requirements regarding minimum wage, overtime, tip credits, and break. In paying Plaintiff and other similarly situated employees in the manner in which they did, Defendants knowingly violated the mandates of the FLSA.

40. The foregoing conduct constitutes a "willful" violation of the FLSA, 29 U.S.C. § 255(a).

41. As a result of the violations by Defendants of the FLSA, the Plaintiff is entitled to all damages available under the FLSA which include, but are not limited to, all unpaid wages, overtime, liquidated damages, attorney fees, costs, and interest, as set forth in the FLSA, more specifically 29 U.S.C. § 216(b).

**As And For A Second Cause of Action:**
**COLORADO WAGE ACT VIOLATIONS**

42. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

43. The Defendants were Plaintiff's "employer" as that term is defined by the Wage Order. 7 C.C.R. 1103-1(2).

    a. Plaintiff is an "employee" and Defendants are "employers" under the FLSA.

    b. Defendants employed the Plaintiff in a business or enterprise that sells or offers for sale a service, commodity, article, good real estate, wares or merchandise to the

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.andersondodson.com*

consuming public, and generates 50% or more of its annual dollar volume of business from such sales, and therefore in an industry regulated by the Wage Order. 7 C.C.R. §1103-1(2)(A).

44. Plaintiff is Defendants' "employee" as that term is defined by the Wage Order because he performed labor for the benefit of Defendants in which Defendants commanded when, where, and how much labor or services would be performed. 7 C.C.R. 1103-1(2).

### Failure to Pay Weekly Overtime Premiums
**(Violation of the Colorado Wage Act, C.R.S. §§ 8-4-109; 7 C.C.R. 1103-1(4))**

45. Plaintiff work more than 40 hours in at least some workweeks.

46. Defendants did not pay the Plaintiff overtime premiums for hours worked over 40 in each workweek.

47. As a result, Plaintiff has suffered lost wages and lost use of those wages.

48. Plaintiff is entitled to recover in a civil action the unpaid balance of the full amount of the wages owed to him and penalties. C.R.S. § 8-4-109; 7 C.C.R. 1103-1(18).

49. Defendants violated the CWA as implemented by the Wage Order, when it failed to pay the Plaintiff overtime premiums for hours worked over 40 in each given workweek or 12 hours per day. 7 C.C.R. §1103-1(4).

50. For any and all time worked by all Plaintiff, or to be credited to all Plaintiff during a workweek, Plaintiff is entitled to pay at his regular rate of pay for work up to 40 hours of work per workweek, and at time-and-a-half for all of work over 40 hours per workweek or 12 hours per day.

### Record-Keeping Failures; Failure to Provide Pay Stubs
**(Violation of the CMWA, C.R.S. §§ 8-6-101, *et seq*., Wage Order 7 C.C.R. 1103-1(12))**

51. Defendants failed to maintain a true and accurate record for each employee, including

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.andersondodson.com*

Plaintiff, of the following information:

c. name, address, social security number, occupation and date of hire

d. date of birth, if the employee is under eighteen (18) years of age

e. daily record of all hours worked

f. record of allowable credits and declared tips

g. regular rates of pay, gross wages earned, withholdings made and net amounts paid each pay period.

52. Defendants failed to provide a paystub, or an itemized earnings statement of this information, to Plaintiff for each pay period. C.R.S. 8-4-103(4); C.R.S. §§ 8-6-101, et seq., Wage Order 7 C.C.R. 1103-1(12)).

**_Willful Failure to Respond to Wage Demand_**
**(Violation of the Colorado Wage Claim Act, C.R.S. §§ 8-4-109, -110)**

53. Plaintiff Ott sent Defendants a wage demand letter pursuant to C.R.S. § 8-4-109.

54. In that Colorado Wage Demand letter, Plaintiff demanded $39,957.40 in unpaid wages.

55. 14 days have passed since Defendants received Plaintiff's wage demand letter and no wages have been tendered. As such, Defendants are liable for additional penalties pursuant to § 109 in an amount equal to 125% of the first $7500 demanded plus 50% of the amount over $7500.

56. Further, to the extent Defendants' failure to pay is found to be willful, the penalty shall increase by an additional 50%.

**_Failure to Pay Wages When Due_**
**(Violation of the C.R.S. § 8-6-103)**

57. The Defendants failed to pay Plaintiff all his earned wages when due, as described above.

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.andersondodson.com*

### Failure to Pay All Earned Wages
**(Violation of the C.R.S. § 8-6-109)**

58. Plaintiff has been separated from employment with Defendants.

59. Defendants have failed to pay Plaintiff all his wages and compensation earned during his employment, as described above.

### Denial of Mandatory Rest Periods
**(Violation of the CMWA, C.R.S. §§ 8-6-101, *et seq*., Wage Order 7 C.C.R. 1103-1)**

60. Defendants did not pay Plaintiff for all of his time worked under Colorado law because they did not provide Plaintiff with 30 minute duty-free paid meal breaks for each five hours of work Plaintiff performed. Wage Order 7 C.C.R. 1103-1(7).

61. Defendants did not pay Plaintiff for all of his time worked under Colorado law because they did not provide Plaintiff with 10 minute duty-free paid rest breaks for each four hours of work Plaintiff performed. Wage Order 7 C.C.R. 1103-1(8).

### Damages

62. Plaintiff is entitled to recover in this civil action the unpaid balance of the full amount of unpaid wages, and/or underpaid overtime wages that are owed and appropriate penalties, together with reasonable attorney fees and court costs. C.R.S. § 8-6-118; 7 C.C.R § 1103-1(18).

**As And For A Third Cause of Action:**
**INVASION OF PRIVACY**

63. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

64. Without Plaintiff's knowledge or consent, Defendants used a photograph of the Plaintiff in its advertising, both in print fliers and also online.

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.andersondodson.com*

65. This constituted invasion of privacy based on misappropriation of name or likeness.

66. By using a picture of Plaintiff, Defendants used the Plaintiff's name or likeness.

67. The use of the photo was for the Defendants' own purposes, commercial or otherwise.

68. The Plaintiff suffered damage as a result, in an amount to be determined at trial.

69. The Defendants were the cause of the Plaintiff's damages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

(A)     Award Plaintiff unpaid and underpaid wages due under the FLSA and the Colorado Wage Laws;

(B)     Award Plaintiff liquidated damages in the amount of their unpaid FLSA wages pursuant to 29 U.S.C. § 216(b);

(C)     Award Plaintiff statutory penalties as provided for by Colorado wage laws;

(D)     Award Plaintiff appropriate damages related to the misappropriation of his likeness;

(E)     Award Plaintiff interest;

(F)     Award Plaintiff the costs of this action together with reasonable attorneys' fees; and

(G)     Award such other and further relief as this Court deems necessary and proper.

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.andersondodson.com*

Respectfully submitted, this **11th** day of **May, 2018.**

ANDERSONDODSON, P.C.

*s/ Penn Dodson*

**Penn A. Dodson**
*penn@andersondodson.com*
11 Broadway, Suite 615
New York, NY  10004
(212) 961-7639 tel.
(646) 998-8051 fax

Attorney for Plaintiff

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
*www.andersondodson.com*

*Ott v. ChaCha in Art LLC et al.*
USDC, District of Colorado

Complaint
Page 11